UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jernice Hamilton, a/k/a Garnaris Hamilton, | ) | Civil Action No. 2:21-195-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Army Board for Corrections, Dennis | ) | |
| William Dingle, Charles M. Martin, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Molly H. Cherry on December 7, 2021 ("Report"). (ECF No. 64.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge Cherry for pretrial handling. In her Report, the Magistrate Judge recommends that Defendants Army Board for Corrections, Dennis William Dingle, Charles M. Martin's ("Defendants") motion to dismiss (ECF No. 46) be granted and Plaintiff Jernice Hamilton's ("Plaintiff") motion to strike (ECF No. 62) be denied. (ECF No. 64 at 1, 18.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on December 7, 2021, recommending

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

that Defendants' motion to dismiss be granted and Plaintiff's motion to strike be denied. (*See* ECF No. 64.) On December 19, 2021, Plaintiff filed objections challenging certain aspects of the Report. (ECF No. 71.) On December 28, 2021, Defendants filed a reply to Plaintiff's objections. (ECF No. 72.) Plaintiff later filed an "Affidavit in Support of Transferring to the Court of Federal Claims Amendment to Objection to Report and Recommendation" (ECF No. 73), to which Defendants replied (ECF No. 74). The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed, specific objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court will confine its analysis to those portions of the Report to which Plaintiff raises a specific objection. Accordingly, having carefully reviewed all other portions of the Report in light of the record and applicable law, and finding no error therein, the Court

adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

### A. Jurisdiction, Transfer, and the Statute of Limitations

Magistrate Judge Cherry first found that because Plaintiff is seeking monetary relief in the form of disability payments and back pay, as well as severance or retirement, this Court lacks subject matter jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701–706. (ECF No. 64 at 5–8.) However, because the Court of Federal Claims may provide an "adequate remedy" for Plaintiff's claim pursuant to the Tucker Act, the Magistrate Judge next analyzed whether such a Tucker Act claim is viable under the circumstances. (*See id.* at 8–12.) Magistrate Judge Cherry concluded that transfer to the Court of Federal Claims is not in the interest of justice and is otherwise futile because Plaintiff's claim for back pay based on wrongful discharge is barred by the Tucker Act's six-year statute of limitations, and because Plaintiff has otherwise failed to state a plausible claim to relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* 13 at 9–17.)

Plaintiff's objections are difficult to decipher. Construing the objections liberally, Plaintiff appears to be challenging the Magistrate Judge's conclusions that the Tucker Act's statute of limitations precludes his claim for back pay based on wrongful discharge, and that transfer to the Court of Federal Claims would be futile. (*See* ECF No. 71 at 2–6; ECF No. 73 at 2–3, 6–9, 12, 14–15.) After *de novo* review, the Court finds that Magistrate Judge Cherry correctly concluded that this Court does not have jurisdiction over the decision of the Army Board for Correction of Military Records ("ABCMR") that Plaintiff challenges. *See United States v. Hohri*, 482 U.S. 64, 72 (1987) (stating Tucker Act claims

for more than $10,000 may be brought only in the Court of Federal Claims, and decisions of the Claims Court are appealable only to the Federal Circuit). Moreover, Plaintiff's claims for back pay based on wrongful discharge and disability based on a back injury during service would have accrued at the time of his discharge, *Martinez v. United States*, 333 F.3d 1295, 1313–14 (Fed. Cir. 2003), *Chambers v. United States*, 417 F.3d 1218, 1226 (Fed. Cir. 2005), and are thus barred by the Tucker Act's six-year statute of limitations. 28 U.S.C. § 2501. The Court agrees with the Magistrate Judge's finding that transfer to the Court of Federal Claims is not in the interest of justice and Plaintiff's objections provide no basis on which to deviate from the sound reasoning and analysis in the Report. Accordingly, the objections are overruled.

**B. Motion to Strike**

Magistrate Judge Cherry next found that Plaintiff's motion to strike (ECF No. 62) is directed toward Defendants' motion to dismiss, which is not a pleading, and therefore the motion to strike should be denied. *See, e.g.*, *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-cv-3365-DCN, 2020 WL 1703912, at *2 (D.S.C. April 8, 2020) ("[M]otions to strike pursuant to Rule 12(f) are directed only to pleadings."). Furthermore, the Magistrate Judge noted that Plaintiff has not identified any grounds on which to strike the motion to dismiss or any pleadings by Defendants. (ECF No. 64 at 18.)

Construing Plaintiff's objections liberally, he appears to challenge Magistrate Judge Cherry's conclusions about the motion to strike on the basis that Defendants' motion to dismiss is "scandalous" because Plaintiff has suffered financial harm in the denial of benefits and reputational harm from his Bad Conduct Discharge, and because the motion to dismiss seeks to uphold the decisions giving rise to those harms. (*See* ECF

No. 73 at 12–13.) The objection is without merit and the motion to strike will be denied. The Court agrees with the Magistrate Judge's conclusions that Defendants' motion to dismiss: (1) is not the proper subject of a motion to strike, and (2) does not raise facts or issues that are outside the issues in this case, unfairly prejudicial to Plaintiff, or otherwise inappropriate. (*See* ECF No. 64 at 17–18); *see also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Accordingly, the objection is overruled.

## CONCLUSION

After *de novo* review of the Report, the record, and the applicable law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 64) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff's objections (ECF Nos. 71 & 73) are OVERRULED, Defendants' motion to dismiss (ECF No. 46) is GRANTED, and Plaintiff's motion to strike (ECF No. 62) is DENIED. This result renders moot Plaintiff's additional motion to strike (ECF No. 75) and motion to stay (ECF No. 78); accordingly, those motions are both DENIED as moot.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 26, 2022
Charleston, South Carolina